**Ronald MAY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1281S341.**

Supreme Court of Indiana.

Dec. 27, 1982.

Daniel L. Weber, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of robbery and four counts of confinement. He was sentenced to a twenty (20) year term of imprisonment for the robbery. He was also sentenced to two terms of twenty (20), one term of fifteen (15) and one term of ten (10) years for the four counts of confinement. The sentences were ordered to be served consecutively.

The record reveals appellant gained admission to a Pizza Hut after it had closed. Appellant's wife was an employee and appellant had previously performed odd jobs there. Appellant robbed the store at gunpoint. Two men and two women employees of the store were taken to appellant's car where the men were ordered into the trunk and the women were placed in the car with appellant. After driving for awhile, appellant stopped the car and ordered the manager, Duregger, from the trunk. Appellant hit Duregger in the head with his gun, slashed his throat and stabbed him in the back. Appellant left Duregger, returned to his car, drove further and then ordered the other man, Galloway, from the trunk. He then ordered Galloway to lie down. Appellant attempted to strangle Galloway who broke away and escaped. Appellant returned to the vehicle and drove the women to Evansville where he registered in a motel. Once in the motel room appellant tied one woman, raped the other and then left.

Appellant claims the trial court erred in admitting State's Exhibits 6 and 7. Both exhibits were photographs of Duregger's neck wound. Indiana State Trooper Pritchard photographed the injury while Duregger was being treated at the Bloomington Hospital. Appellant argues the photographs were not relevant to the offenses of robbery and confinement and served only to inflame the sensibilities of the jury.

Criminal confinement is defined by I.C. § 35–42–3–3(a):

"(2) A person who knowingly or intentionally

(1) Confines another person without his consent;

(2) Removes another person by fraud, enticement, force, or threat of force, from one place to another;

commits criminal confinement, a Class D felony. However, the offense is ... a Class B felony if it is committed while armed with a deadly weapon or results in serious bodily injury to another person."

■ Evidence is generally admissible if it has a tendency to prove or disprove a material fact. *Dorton v. State,* (1981) Ind., 419 N.E.2d 1289; *Lamar v. State,* (1977) 266 Ind. 689, 366 N.E.2d 652. Certainly the photographs depicting the injury sustained by Duregger at appellant's hands were relevant and material to prove criminal confinement as a Class B felony.

Although appellant makes further arguments to support his claims, we deem them waived for his failure to present objections at the proper time in the trial court. *Lamar, supra.*

The trial court is in all things affirmed.

All Justices concur.